IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMY FITCH,<br><br>Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Appellees. | ) | CASE NO. 1:20-cv-0513-RAH [WO] |

**MEMORANDUM OPINION AND ORDER**

Amy Fitch appealed from the final determination of the Director of the United States Department of Agriculture's (USDA) National Appeals Division that upheld the Agency's decision to retroactively deny Fitch's claim for benefits under the Noninsured Crop Disaster Assistance Program (NAP). On May 20, 2022, this Court entered a Memorandum Opinion and Order denying Fitch's motion for summary judgment, granting the Agency's[1] motion for summary judgment, and affirming the Director's decision. (Doc. 42.)

Now pending before the Court is Fitch's *Motion to Alter, Amend or Vacate the Judgment* (Doc. 43) filed on June 17, 2022. According to Fitch, "manifest error" and newly discovered evidence warrant either the entry of summary judgment in her

[1] Fitch named as defendants the United States of America, the Farm Service Agency, and the USDA. For purposes of this Opinion, the Court will refer to them collectively as the Agency.

favor or, alternatively, remand for a new hearing. The motion is fully briefed and ripe for review. For the reasons that follow, Fitch's motion is due to be denied.

## I. BACKGROUND

Certain relevant procedural, factual, and statutory background is set forth in the Court's May 20, 2022 Memorandum Opinion and Order, and the Court will not repeat it here. Procedural history and facts pertinent to resolving the *Motion to Alter, Amend or Vacate* are set forth below.

### A. Procedural Background

After her tomato crop failed, Fitch filed a claim and obtained NAP benefits for the 2016 crop year. Years later, the FSA reversed the approval of Fitch's 2016 NAP claim, concluding that Fitch had made misrepresentations concerning her eligibility for payment. As to Fitch's eligibility, the FSA concluded that Fitch was not a "producer" as defined under NAP because Fitch did not share in the risk of producing the crop and was not entitled to share in the crop available for marketing. (Doc. 28-3 at 27.) Fitch then appealed to the National Appeals Division (NAD). Of the numerous issues raised, the hearing officer assigned to Fitch's appeal found in her favor on all issues except for two—that Fitch was an eligible producer and that the FSA's Finality Rule applied. As applicable to the producer issue, the hearing officer concluded that Fitch "misrepresented that she is a producer who shares in the risk of producing the crop and who is entitled to share in the crop had the crop been

produced." (Doc. 23-3 at 81.) In particular, the hearing officer explained that the information provided by Fitch "fail[ed] to show that she was operating as an individual," noting that the land on which Fitch grew her tomatoes was owned by River Road Farms and the only "input receipt" in the record was for River Road Farms. (*Id.*) And as to the Finality Rule, the hearing officer concluded that the "misrepresentation" exception applied because "[Fitch] misrepresented that she is a producer who shares in the risk of producing the crop and who is entitled to share in the crop had the crop been produced." (*Id.* at 82.)

Fitch then appealed to the NAD Director. The Director concluded that the hearing officer's decision was "supported by substantial evidence" and that the original "decision approving [Fitch's] NAP program claim was erroneous." (*Id.* at 123–24.) The Director observed that although Fitch had submitted an "acreage report"—also known as a FSA-578—"indicat[ing] that she had a 100 percent share of the tomato crop," Fitch had not "provided evidence that she, and not River Road Farms, shared in the risk of producing the crop" because she had "not provided receipts or any other evidence showing that she, and not River Road Farms, incurred costs in growing the crop." (*Id.* at 124.) The Director also concluded that, because of Fitch's misrepresentations about her status as an eligible producer, the Finality Rule did not bar the Agency from later recouping the NAP payments made to Fitch in 2016, 2017, and 2018. (*Id.* at 126.)

**B. NAP Handbook**

Fitch's Motion to Alter or Amend focuses on the FSA 1-NAP Revision 2 Handbook entitled "Noninsured Crop Disaster Assistance Program for 2015 and Subsequent Years," which has been periodically amended, and its purported impact on the producer eligibility issue in the administrative hearings and in this Court. Beginning February 20, 2015, Paragraph 100B of Amendment 1 to the Revision 2 NAP Handbook allowed the FSA county committee to receive a farmer's FSA-578 as evidence of the farmer's producer status. (Doc. 43-1 at 3–4.) According to the Agency, this provision previously was found in Paragraph 29 of the Revision 1 Handbook (an earlier handbook). (Doc. 45 at 5 n.3.) But on February 15, 2019, the Revision 2 Handbook was amended (Amendment 15) to remove the FSA-578 provision from Paragraph 100B. (*Id.* at 5.) Amendment 15 explained that "Subparagraph 100 (B) has been amended to clarify that a producer's own certification on FSA-578 cannot be used to verify that producer's eligibility for NAP." (*Id.*)

When Fitch's NAP claim was originally approved in 2016, the applicable FSA Handbook was Amendment 8. (Doc. 43-1.) The Court will hereinafter refer to Amendment 8 as "the correct handbook." On or about December 17, 2019, Amendment 16 to the Handbook took effect. (Doc. 43-2.) The Court will hereinafter refer to Amendment 16 as "the wrong handbook."

In a footnote in their summary judgment brief, the Agency explained that the NAP handbook "for 2015 and subsequent years can be found on the internet at: https://www.fsa.usda.gov/Internet/FSA_File/1-nap_r02_a16.pdf." (Doc. 34 at 9 n.2.) However, the link in the footnote navigates to a website displaying Amendment 16 (the wrong handbook), not Amendment 8 (the correct handbook).

According to Fitch, key differences exist between the two handbook versions as it relates to verifying producer eligibility. According to Fitch, while Paragraph 100B of Amendment 8 contemplates that a signed FSA-578 or a producer's own signed statement may be received as acceptable evidence that the person was an eligible producer, Paragraph 100B of Amendment 16 "specifically excludes both a signed FSA-578 or any other sworn certification by the producer." (Doc. 43 at 8–9.) Fitch asserts that her counsel first learned "there was an applicable handbook that allowed the FS[A]-578 form to be appropriate verification" on June 16, 2022, through conversations with former FSA employees. (*Id.* at 1, 11.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 "allows courts to alter judgments only where there is 'newly-discovered evidence or manifest errors of law or fact.'" *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (citation omitted). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*,

500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alterations in original) (citation omitted); *see also O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued."). "[W]here a party attempts to introduce previously unsubmitted evidence" on a Rule 59 motion, "the court should not grant the motion absent some showing that the evidence was not available" before judgment was entered. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam).

## III. DISCUSSION

Fitch argues that the Court's May 20, 2022 judgment should be amended, if not altogether vacated, due to manifest error and newly discovered evidence because her counsel recently learned that the Agency had cited and relied on the wrong version of the NAP handbook both in the administrative proceedings and in this Court, and that the hearing officer and the Director similarly relied on the wrong handbook in their determinations. According to Fitch's motion, neither Fitch nor her counsel knew about this alleged mistake until June 16, 2022, when counsel learned that "there was an applicable handbook that allowed the FS[A]-578 form to be appropriate verification." (Doc. 43 at 11.) Fitch also argues that this error is "outcome determinative" because, according to her interpretation of the correct handbook, the FSA-578 form is conclusive, irrefutable evidence that a farmer is an

eligible producer. Thus, according to Fitch, her submission of the self-certified FSA-578 form during the NAD administrative proceedings was "determinative" evidence that she was an eligible producer, but because the Agency cited—and the hearing officer and the Director relied on—the wrong handbook, the hearing officer and the Director improperly determined that she had not proven she was an eligible producer. Instead, according to Fitch, the hearing officer and the Director improperly required her to produce other documentary evidence to prove her producer status.[2]

Fitch has failed to show that the correct handbook was not available to her before the Court's judgment was entered.[3] First, Fitch has not produced an affidavit or declaration to support the assertion that neither she nor her counsel knew about

---

[2] Fitch does not cite to any portion of the hearing officer's or the Directors's determinations citing Paragraph 100B from the wrong handbook. However, Fitch does cite a portion of the Director's determination that cites Paragraph 100A from the wrong handbook. (*See* Doc. 23-3 at 121 (citing Paragraph 100A from Amendment 16).) Fitch's argument is essentially that the Director and the hearing officer must have also relied on the wrong Paragraph 100B because they did not accept her FSA-578 form as conclusive evidence of producer eligibility. Because it has no impact on the Court's decision, the Court expresses no view as to whether the hearing officer or Director relied on the wrong Paragraph 100B in this matter.

[3] The Court questions whether the NAP Handbook is "evidence" at all. But because the Agency does not argue that the handbook is not evidence, and because it has no impact on the Court's decision in any event, the Court will assume without deciding that the handbook is evidence.

the correct handbook until June 16, 2022. "Statements by counsel in briefs are not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980).[4]

Second, the record before the Court undermines Fitch's assertion. As the Agency points out, Fitch argued in her summary judgment motion that her FSA-578 acreage report "is evidence of her operation of the farm to support eligibility as a producer under NAP" and cited to Paragraph 100 and pages 3-1 through 3-7 of the NAP handbook in doing so. (Doc. 30 at 19.) Paragraph 100B of the correct handbook is located on pages 3-1 through 3-2, with specific reference to the FSA-578 form on page 3-2. By contrast, Paragraph 100B of the wrong handbook (which is also located on pages 3-1 through 3-2) does not mention the FSA-578 form but it does state that a farmer's own self-certification cannot be used to verify that same person's producer eligibility. Thus, Fitch's brief that addresses her FSA-578 form, her specific reference to Paragraph 100, and her citation to pages 3-1 through 3-7, all support the conclusion that Fitch was aware of and had access to the correct handbook with the pertinent FSA-578 provision when she filed her summary judgment motion. In sum, the totality of the circumstantial evidence undermines Fitch's unverified assertion that she was unaware of the correct handbook prior to June 16, 2022.

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Fitch counters that she cited Revision 1 rather than Revision 2 of the handbook in her summary judgment brief. (*See* Doc. 30 at 19.) Thus, according to her, her brief does not support a finding that she or her counsel knew about the correct handbook before June 16, 2022. But she does not explain why she asserted the significance of the FSA-578 form regarding producer eligibility or why she cited Revision 1 in support of her assertion. She does not, for example, explain what Paragraph 100 of Revision 1 purportedly says about producer eligibility or the significance of FSA-578. Moreover, Revision 1's provisions regarding producer eligibility were located at Paragraph 29. And as noted above, Fitch's brief specifically referenced Paragraph 100 and pages 3-1 through 3-7, which corresponds to the correct handbook with the pertinent FSA-578 provision. In light of the surrounding circumstances, the more plausible explanation for Fitch asserting the significance of the FSA-578 form is that she was citing—and thus knew about—the correct handbook. Thus, Fitch's contention that she did not cite—and thus did not know about—the correct handbook fails to withstand scrutiny. In sum, Fitch has failed to show that the correct handbook was not available to her prior to the Court's final judgment.

It also follows that Fitch's new argument—that her self-certified FSA-578 form was conclusive, irrefutable evidence of her producer eligibility under the correct handbook—could and should have been raised prior to the Court's judgment.

Because the Court has concluded that she knew about and had access to the correct handbook with the pertinent FSA-578 provision before the Court's judgment, her argument could have been made before then as well. Thus, Fitch's motion is an "impermissible attempt" to "raise argument or present evidence that could have been raised prior to the entry of judgment." *See Samara*, 38 F.4th at 153 (quoting *Arthur*, 500 F.3d at 1343). Consequently, Fitch is not entitled to Rule 59 relief.

Even if Fitch had shown that the correct handbook was newly discovered evidence and her new argument was not previously available—which she has not—she has nonetheless failed to show manifest error warranting Rule 59 relief because her new argument is not persuasive. To reiterate, she now argues that under the correct handbook, the FSA-578 form was conclusive, irrefutable evidence of her producer eligibility. But the correct handbook does not say as much. And although she quotes the correct handbook's pertinent language, she does not actually explain how it supports her interpretation. She contends in her motion that the correct handbook "allowed" the FSA-578 form to be received as acceptable evidence of producer eligibility. But allowing the FSA-578 form to be received as acceptable evidence is different from decreeing the self-certifications in FSA-578 to be conclusive, irrefutable evidence of a farmer's producer status, especially to the exclusion of any other evidence that would show otherwise. Because she offers no argument—let alone a persuasive one—supporting her interpretation of the correct

handbook, she has not shown that she is now entitled to summary judgment in her favor or a new administrative hearing. Consequently, she has not shown any manifest error in the Court's prior judgment. For this additional, independent reason, her Rule 59 motion is due to be denied.[5]

## IV. CONCLUSION

For the reasons stated, it is **ORDERED** as follows:

1. Amy Fitch's *Motion to Alter, Amend or Vacate the Judgment* (Doc. 43) is **DENIED**;
2. The Agency's *Motion for Leave to File a Sur-Reply* (Doc. 50) is **DENIED** as moot.

**DONE**, on this the 24th day of February 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

[5] The Agency filed a *Motion for Leave to File a Sur-Reply* to Fitch's *Motion to Alter, Amend or Vacate.* (Doc. 50.) Because the sur-reply, if allowed, would have no impact on the Court's decision, the motion for leave is due to be denied as moot.